UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
RODNEY ELLIOTT,

        Petitioner,

  -against-

A. NAPOLI,

        Respondent.
---------------------------------------------------------------- x

MEMORANDUM & ORDER

07-CV-3942 (ENV)

**VITALIANO, D.J.**

Pro se petitioner Rodney Elliott is before the Court on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the writ is denied and Elliott's petition for habeas corpus is dismissed.

**BACKGROUND**

On June 23, 1998, Kwama Fort was shot and killed while sitting in the front passenger seat of a minivan. The driver of the minivan, Kevin Randle, was also shot; he suffered serious physical injury. Elliott was charged, under Kings County Indictment No. 10077/00, with two counts of murder in the second degree (N.Y. PENAL LAW §§ 125.25[1], 125.25[2]); one count of attempted murder in the second degree (N.Y. PENAL LAW §§ 110/125.25[1]); three counts of assault in the first degree (N.Y. PENAL LAW §§ 120.10[1], 120.10[3], 120.10[4]); one count each of criminal possession of a weapon in the second and third degrees (N.Y. PENAL LAW §§ 265.03[2], 265.02[4]); and one count of larceny in the fourth degree (N.Y. PENAL LAW § 155.25).

1

Following a jury trial, Elliot was convicted of second degree murder and attempted second degree murder, along with assault and weapons charges. On November 13, 2001, petitioner was sentenced as a second felony offender to a term of imprisonment of 25 years to life on the murder count and to concurrent terms of imprisonment of 8 years on the attempted murder, assault, and criminal weapon possession counts, to run consecutively to the sentence on the murder count, for a total term of 33 years to life.

Petitioner appealed his conviction to the Appellate Division, Second Department, arguing that the count of second degree depraved indifference murder should not have been submitted to the jury. On November 10, 2003, the Appellate Division affirmed, holding that Elliott's claim was unpreserved for appellate review. People v. Elliott, 1 A.D.3d 455, 767 N.Y.S.2d 779 (App. Div. 2d Dep't 2003). Elliott then sought leave to appeal to the New York Court of Appeals. By certificate dated February 24, 2004, the Court of Appeals denied leave. See People v. Elliott, 1 N.Y.3d 627, 777 N.Y.S.2d 26, 808 N.E.2d 1285 (2004). His judgment of conviction became final, for habeas purposes, on May 24, 2004, 90 days after the New York Court of Appeals denied his leave application. See SUP. CT. R. 13(1).

On September 18, 2007, Elliott filed the instant pro se petition for a writ of habeas corpus. He argues that his conviction was obtained in violation of the double jeopardy and the due process clauses of the Constitution because the prosecution built its case on intentional murder, but he was ultimately convicted of depraved indifference murder.

**DISCUSSION**

Under 28 U.S.C. § 2244(d)(1), and absent extraordinary circumstances, see, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), Elliott's petition is timely if filed within one year from

May 24, 2004, the date on which his judgment of conviction became final. Despite the limitations period, Elliott filed his petition on September 18, 2007—making his petition nearly two-and-a-half years late.

Elliott concedes that his petition is untimely but explains that he was unable to comply with § 2244(d)(1) "owing to incompet[e]nt assistance & advice obtained in prison law libraries." (Petition ("Pet.") at 14.) However regrettable, poor advice given a pro se petitioner in a prison library does not entitle him to equitable tolling. "To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace, 544 U.S. at 418). Even where a petitioner acts pro se, ignorance of the law does not warrant equitable tolling. See, e.g., Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (citing, inter alia, Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000)). Simply, falling victim to the incompetence of nonlawyer advisors is, for the same reason, not an extraordinary circumstance. See, e.g., Williams v. Breslin, No. 03-CV-1848, 2004 U.S. Dist. LEXIS 20991, at *18 (S.D.N.Y. Oct. 21, 2004) (citation omitted); see also Armand v. Strack, No. 98-CV-6650, 1999 U.S. Dist. LEXIS 3807, at *9-*13 (E.D.N.Y. Feb. 19, 1999); cf. Lawrence, 549 U.S. at 336-37 (citation omitted).

Furthermore, even if inmate incompetence (of petitioner or advisor) were an extraordinary circumstance, which it is not, Elliott has failed to demonstrate that he pursued his rights diligently during the more than two-year gap from May 25, 2005 till June 23, 2007, "the date when petitioner was able to speak with a knowledg[e]able inmate," (Pet. at 14; see also, e.g., Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004); cf. Baldayaque v. United States, 338 F.3d

145, 153 (2d Cir. 2003)), or even between June 23, 2007 and the date on which he filed his petition. See, e.g., Valverde v. Stinson, 224 F.3d 129, 134 n.5 (2d Cir. 2000) (citing Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); McGinnis, 208 F.3d at 17). Simply stated, there is no demonstration by petitioner of any steps he took to file timely. All that is shown here is his abdication of responsibility.

In this same regard, petitioner's reliance on Bounds v. Smith, 430 U.S. 817 (1977), is misplaced, as he has failed to demonstrate that the claimed inmate incompetence actually prevented him from filing his petition on time. See Valverde, 224 F.3d at 134 ("The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." (citations omitted)); id. ("If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.").

**CONCLUSION**

For the foregoing reasons, the petition for habeas corpus of Rodney Elliott is dismissed with prejudice and the writ is denied. A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
May 4, 2010

/S/
_____
ERIC N. VITALIANO
United States District Judge